# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Russell A. MATTHEWS
### Aviation Survival Technician First Class (E-6), U.S. Coast Guard

### CGCMS 24896
### Docket No. 1382

### May 20, 2015

Special Court-Martial convened by Commander, CG Air Station Barbers Point.  Tried at Honolulu, Hawaii, and Alameda, California, on 21 May and 12 June 2013.

| | |
|---|---|
| Military Judge: | CDR Kevin F. Bruen, USCG |
| Trial Counsel: | LT Kelly A. Vandenberg, USCG |
| Defense Counsel: | LCDR Christopher J. Deerwester, JAGC, USN |
| Assistant Defense Counsel: | LT Jackson A. Stephens, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |
| | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, GILL & KOVAC
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of desertion, in violation of Article 85, Uniform Code of Military Justice (UCMJ); and one specification of wrongful use of marijuana, in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to confinement for twelve months, reduction to E-3, and a bad-conduct discharge.  The Convening Authority approved the sentence and suspended confinement in excess of ten months.  The pretrial agreement called for disapproval of confinement in excess of ten months.

Before this Court, Appellant assigned the following errors:

I.    The Convening Authority was a witness to AST1 Matthews' misconduct and greatly impacted by that misconduct. He was biased and should have been disqualified from taking action in his case.

II.   The Convening Authority's action is fatally flawed.

III.  The approved sentence was inappropriately severe and the bad-conduct discharge should be set aside.

On 20 October 2014, responding to the first issue, this Court set aside the action of the Convening Authority and remanded for a new action by a different convening authority. We did not reach the other issues, but we noted that the action and promulgating order contained flaws.

On 12 November 2014, a different Convening Authority took action, without apparently receiving any new recommendation from the Staff Judge Advocate and without providing Appellant an opportunity for a new clemency request to the new Convening Authority.[1] The new action approved the sentence in the same terms as the earlier action, suspending confinement in excess of ten months, even though the pretrial agreement called for disapproval of confinement in excess of ten months.

Before this Court, Appellant sought remand for a new convening authority action, as well as a new Staff Judge Advocate's Recommendation and an opportunity to submit clemency or other matters to the new Convening Authority. On 29 December 2014, we granted Appellant's request.

On 2 April 2015, following a new clemency request and a new Staff Judge Advocate's Recommendation informing the Convening Authority that she must consider both of Appellant's previous clemency requests and any future request, the Convening Authority again took action. The new action reads in pertinent part as follows:

---

[1] Appellant had complained upon first appearance before this Court that, among other things, his second clemency request, which followed the Staff Judge Advocate's Recommendation, had not been acknowledged.

> [T]he sentence is approved and, except for that part of the sentence extending to a bad conduct discharge, will be executed, but the execution of that part of the sentence adjudging confinement in excess of ten months is suspended for 12 months . . . .  Automatic forfeitures will be deferred provided the accused maintains a dependent's allotment . . . .  The period of deferment shall not exceed six months.

The language is virtually identical to that of the previous two actions.

For a third time, the action suspends confinement in excess of ten months, even though the pretrial agreement called for disapproval of confinement in excess of ten months.  Appellant has consistently pointed out this flaw, and the Convening Authority, with the advice of the Staff Judge Advocate, has persisted in this violation of the pretrial agreement.  Inexplicable as this violation appears, we are confident that the suspension has not been vacated, else Appellant would have complained further.  Though given repeated opportunities to conform the Convening Authority's action to the terms negotiated, the Government has failed to do so.  We do not condone the Government's failure in this regard, but we are not inclined to remand again in the hope that the Government will at last give attention to and correct this obvious error.  No action is needed beyond our disapproval of confinement in excess of ten months.

The approval of confinement beyond the limit set in the pretrial agreement is not the only flaw in the Convening Authority's action.  Again, for a third time, the action provides that automatic forfeitures will be deferred for six months.  This provision bespeaks ignorance of the vocabulary of the UCMJ.

Article 58b, UCMJ, provides for the forfeiture of pay during any period of confinement under sentence of confinement for more than six months, or sentence of six months confinement or less and a punitive discharge.  Such forfeitures are commonly called automatic forfeitures.  Automatic forfeitures may be deferred.  Article 58b(a)(1).  According to Article 57, UCMJ, "the convening authority may defer a forfeiture of pay . . . that would otherwise become effective [fourteen days after the date on which the sentence is adjudged] until the date on which the sentence is approved by the convening authority."  Article 57(a)(2).  Further, if the accused has dependents, "the convening authority or other person acting under [Article 60, UCMJ, Action by the Convening Authority] may waive any or all of the [automatic forfeitures] for a period not to

exceed six months." Article 58b(b). The corresponding amount is to be paid to the accused's dependents. *Id.*

Thus, a deferment of automatic forfeitures applies to forfeitures before convening authority action, while a waiver of automatic forfeitures applies to forfeitures after convening authority action. Rule for Courts-Martial (R.C.M.) 1101(c), Manual for Courts-Martial, United States (2012 ed.) implements the provisions concerning deferment, while R.C.M. 1101(d) implements the provisions concerning waiver.

The pretrial agreement follows this vocabulary, providing for deferral of automatic forfeitures "until the date the Convening Authority acts on the sentence," and providing for waiver of automatic forfeitures "from the date of the Convening Authority's action for a total of not more than 6 months." Considering that the Convening Authority's actions reflect a steadfast refusal to refer to the pretrial agreement with respect to confinement, it is no surprise that it also departs from the language of the pretrial agreement, as well as the statute and Rules for Courts-Martial, with respect to forfeitures. However, we are confident that implementation met the terms of the pretrial agreement, else Appellant would have complained about this error.[2] We discern no prejudice from the irregular language.

## Motion

Appellant now moves again for remand for a corrected convening authority action, and for leave to file this motion. The motion for leave to file is granted. The motion for remand is denied. We have the power under Article 66, UCMJ, to correct the flaw in the Convening Authority's action without another remand.

## Sentence

Having duly considered Appellant's argument that the approved sentence was inappropriately severe, we disagree.

## Decision

---

[2] Appellant did note this error in his first appearance before this Court.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty previously affirmed are reaffirmed. Only so much of the sentence as provides for a bad-conduct discharge, reduction to E-3, and confinement for ten months is affirmed.



For the Court,


DuJuan E. Brown
Clerk of the Court